NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3223

ROBERT Q. WHITE,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

_____

DECIDED:  November 21, 2005

_____

Before NEWMAN, MAYER, and BRYSON, Circuit Judges.

PER CURIAM.

Mr. Robert White appeals the decision of the Merit Systems Protection Board upholding his removal from the position of Medical Support Assistant, Department of the Army, for falsifying his employment information on the "Declaration For Federal Employment."  Because we necessarily defer to the credibility determination of the administrative judge, we affirm the Board's decision.

BACKGROUND

Mr. White was hired as a Medical Support Assistant, GS-0679-05, in the Department of Emergency Medicine at the Womack Army Medical Center in Fort Bragg, North Carolina. On his first day at work, March 17, 2003, Mr. White was asked to fill out Optional Form 306 of the Office of Personnel Management (OPM), the "Declaration For Federal Employment." Block 12 of this form asked:

> During the last 5 years, have you been fired from any job for any reason, did you quit after being told that you would be fired, did you leave any job by mutual agreement because of specific problems, or were you debarred from Federal employment by the Office of Personnel Management or any other Federal Agency? If "yes" use item 16 to provide the date, an explanation of the problem, reason for leaving, and the employer's name and address.

Mr. White answered "yes," but then crossed out "yes" and wrote "no," adding his initials. Item 16 was left blank.

Mr. White had previously worked at the VA Medical Center in Durham, North Carolina, from November 9, 1997 until he requested leave on September 20, 2001, which was the last day Mr. White reported to work. The VA Medical Center issued a removal letter dated January 28, 2002, and a "Notification of Personnel Action (SF-50" for "Removal" effective February 15, 2002.

The Department of the Army discovered the SF-50 for Removal in Mr. White's official file and separated him from employment, on the ground that he provided false information on OPM Form 306. Before the Merit Systems Protection Board Mr. White denied that he was removed from employment at the VA Medical Center, stating that he had quit his job, and that he was formally removed because he had quit. A member of the Human Resources Department at the VA Medical Center declared that Mr. White never gave either

an oral or a written resignation. The Board upheld the Army's removal action. This appeal followed.

## DISCUSSION

The Board's determination is reviewed to determine whether it is:

(1)     arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law;
(2)     obtained without procedures required by law, rule, or regulation having been followed; or
(3)     unsupported by substantial evidence.

5 U.S.C. §7703(c); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

An employee may be removed for falsification of information if it is shown by a preponderance of the evidence that the employee knowingly provided incorrect information with an intent to defraud or deceive the agency. See Naekel v. Department of Transportation, 782 F.2d 975, 977 (Fed. Cir. 1986).

The first question is whether the information Mr. White provided to the Army on form 306 was false. Mr. White states that he was not removed, because he had resigned by telephone. It is not disputed that Mr. White did not appear for work at the VA Medical Center after September 20, 2001. The representative of the VA Medical Center declared that the VA received neither an oral nor a written resignation. The administrative judge, reviewing the conflicting evidence, found that while Mr. White asked for leave and stopped coming to work, he did not quit or resign before the agency removed him. The AJ also credited the testimony of the Army's employment administrator that Mr. White did not orally state that he had been removed, although Mr. White testified that he did. The parties

05-3223                                    3

disputed whether he gave the Army a copy of the SF-50 Form, again requiring the AJ to make a credibility determination.

Factual determinations based on conflicting testimony are subject to the deference owing to the trier of fact. See Hambsch v. Dep't of Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986) (credibility determinations are rarely reversible).

Mr. White states that he did not intend to deceive or defraud the Army. The board could reasonably have inferred from Mr. White's crossing out "yes" and writing "no" that he recognized that this question raised an issue of, at least, uncertainty. However, Mr. White did not present any information in block 16, as enabled by the form. Although Mr. White states that the Army's personnel agent advised him how to answer question 18a, which asked when he left his last federal job, there was substantial evidence whereby the Board could have found that Mr. White intended to withhold the information that he had been removed from his position with the VA.

Mr. White argues that the Army should have determined that he made an error and allowed him to correct it, or solicited more information, pointing out that the Army's administrator allowed him in to fill in other gaps in his form and correct other errors. However, the Board correctly placed the burden of disclosure on the person providing information; it was not the Army's burden to discover the discrepancies and then allow correction.

The Board found that removal was reasonable, after consideration of the factors set forth in Douglas v. Veterans Administration, 5 M.S.P.R. 280, 305-06 (1981). Mr. White states that the agency did not discuss settlement. Settlement cannot be imposed, and it

was within the Army's discretion to apply the remedy of removal. We have considered all of

Mr. White's arguments, and conclude that the decision of the Board must be affirmed.